# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

| | |
|---|---|
| RAFAEL HERRERA, and others similarly-situated, § § § | |
| Plaintiffs, § § | |
| v. § § § | Civil Action No. _____ |
| MATTRESS FIRM, INC., a Foreign Profit Corporation, EDWIN V. DELIVERY SERVICES, INC., a Florida Corporation, and EDWIN VINDAS, individually, § § § § § § | |
| Defendants. § § | |

## **DEFENDANTS' NOTICE OF REMOVAL**

Defendants Mattress Firm, Inc. ("Mattress Firm"), Edwin V. Delivery, Services, Inc. ("Edwin Delivery"), and Edwin Vindas (collectively, "Defendants") jointly file this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, hereby removing the above-captioned cause to the United States District Court for the Southern District of Florida, Miami Division, and respectfully show the Court as follows:

### I.   THE REMOVED CASE

1.   On or about December 20, 2017, Plaintiff Rafael Herrera ("Plaintiff") filed his Complaint in this action, styled *Rafael Herrera v. Mattress Firm, Inc., et al.*, Case No. 17-029312 CA 01, in the 11th Judicial Circuit Court of Miami-Dade County, Florida. Plaintiff's Complaint asserts claims for unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Florida Constitution, Fla. Const. Art. 10 § 24; and the Florida Minimum

Wage Act ("FMWA"), Fla. Stat. § 448.110.  A true and correct copy of Plaintiff's Complaint is attached as Exhibit B, ¶¶ 2, 7.[1]

2. Mattress Firm received notice of this action and a request to sign a waiver of service on December 27, 2017.  A true and correct copy of the Notice of Commencement of Action Mattress Firm received is attached as Exhibit C.  Defendants Edwin Delivery and Edwin Vindas received notices and requests to sign waivers of service on December 27, 2017.

## II.     GROUNDS FOR REMOVAL

3. This Court has federal question jurisdiction over claims that arise under the laws of the United States pursuant to 28 U.S.C. § 1331.  Plaintiff's FLSA claims[2] arise under 29 U.S.C. § 201 *et seq.*, which are federal statutory provisions.  The federal district courts have original federal question jurisdiction over claims brought under the FLSA.  *E.g.*, *Roman v. Hooters Spring Hill, Inc.*, No. 8:16-cv-01332, 2016 WL 8997452, at *3 (M.D. Fla. July 8, 2016) (denying remand and holding that defendant properly removed lawsuit asserting claims under the FLSA, the FMWA, and the Florida Constitution); *Hawkins Dist., Inc. v. McKee Foods Corp.*, No. 1:16-cv-00107, 2016 WL 4706938, at *5 (S.D. Ala. Aug. 16, 2016) (denying remand and finding subject matter jurisdiction over lawsuit asserting claims under both the FLSA and state law).  Thus, this Court has original federal question jurisdiction over Plaintiff's FLSA claims.

4. Further, this Court has removal jurisdiction over claims for which it has federal question jurisdiction pursuant to 28 U.S.C.§ 1441(a).  Because this Court has original federal question jurisdiction over Plaintiff's FLSA claims, this Court also has removal jurisdiction under

---

[1] A nearly identical lawsuit with the same parties and operative facts is currently pending before the United States District Court for the Southern District of Florida, Miami Division, Case No. 1:17-cv-22048.  In that action, Herrera and other plaintiffs are likewise seeking relief under the FLSA against the same Defendants named in this action for alleged unpaid overtime wages.  After removing this action, Defendants plan to request consolidation of this action with Case No. 1:17-cv-22048.

[2] Plaintiff asserts claims under the FLSA in paragraphs 2, 7 through 23, and 75 through 87 of his Complaint. Exhibit B.

28 U.S.C. § 1441(a). *See*, *e.g.*, *Breuer v. Jim's Concrete of Brevard, Inc.*, 292 F.3d 1308, 1310 (11th Cir. 2002) (holding that lawsuit asserting violations of the FLSA was removable through federal question jurisdiction); *Roman*, 2016 WL 8997452, at *3; *Hawkins Dist., Inc.*, 2016 WL 4706938, at *5.

5. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over state law claims that arise out of the same case or controversy as a Plaintiff's federal law claims. *E.g.*, *Roman*, 2016 WL 8997452, at *3 (finding supplemental jurisdiction over claims brought under the FMWA and the Florida Constitution because the claims arose out of the same case or controversy as the plaintiff's FLSA claims). Plaintiff's state law claims arise out of the same case or controversy – his compensation for work performed – as his federal law claims. *See id.* Plaintiff's state law claims do not raise novel or complex issues of state law, and they do not substantially predominate over his federal claims. Further, there are no exceptional circumstances or other compelling reasons for this Court to decline to exercise supplemental jurisdiction over Plaintiff's related state law claims. *See* 28 U.S.C. § 1367(c). Thus, this court has supplemental jurisdiction over Plaintiff's state law claims.

### III. ALL PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED

6. Removal is timely under 28 U.S.C. § 1446(b)(3) because this Notice of Removal is being filed within 30 days of Mattress Firm's receipt of notice of Plaintiff's Complaint on December 27, 2017 (*see* <u>Exhibit C</u>) and Edwin Delivery and Edwin Vindas's receipt of notice on December 27, 2017, which is also when Defendants first learned that Plaintiff was asserting claims arising under federal law in state court in this action.

7. Removal to this Court is appropriate under 28 U.S.C. §§ 1441(a) and 1446(a) because the 11th Judicial Circuit Court of Miami-Dade County, Florida, where this case was originally filed, is located within the Southern District of Florida, Miami Division.

8. In accordance with 28 U.S.C. § 1446(b)(2), all Defendants join in and consent to this removal.

9. In compliance with 28 U.S.C. § 1446(a), attached to this Notice of Removal are the following documents:

    a. An index of all matters being filed (Exhibit A);

    b. Pleadings asserting causes of action, *e.g.*, petitions, counterclaims, cross actions, third-party actions, interventions, and all answers to such pleadings (Plaintiff's Complaint, at Exhibit B);

    c. The Notice of Commencement of Action Mattress Firm received (Exhibit C);

    d. The Civil Docket Sheet (Exhibit D);

    e. All executed process in the case (none);

    f. All orders signed by the state judge (none).

10. Upon filing this Notice of Removal, Defendants will promptly provide notification to Plaintiff and will file a Notification of Removal, attaching a copy of this Notice of Removal, with the Clerk for the 11th Judicial Circuit Court of Miami-Dade County, Florida. Exhibit E.

11. Defendants reserve the right to amend or supplement this Notice of Removal and, in the event Plaintiff moves to remand, to submit evidence and further argument supporting this Notice of Removal.

- 5 -

12. Defendants do not waive any available defenses or admit any of the allegations made in Plaintiff's state court Complaint by filing this Notice of Removal.

## IV.   PRAYER

WHEREFORE, Defendants Mattress Firm, Inc., Edwin V. Delivery Services, Inc., and Edwin Vindas respectfully pray that the action now pending in the 11th Judicial Circuit Court of Miami-Dade County, Florida, as described herein, be removed to the United States District Court for the Southern District of Florida, Miami Division.  Defendants further request any and all other relief to which they may be entitle

Dated:  January 23, 2018  Respectfully submitted,

/s/ Ivan Izquierdo  /s/ David Miklas
Ivan Izquierdo  David Miklas
Florida Bar No. 122405  Florida Bar No. 0167060
izquierdo@ileonlaw.com  david@miklasemploymentlaw.com
leon@ileonlaw.com  P.O. Box 12996
8950 SW 74th Court, Suite 2201  Fort Pierce, FL 34979
Miami, FL 33156  Telephone:  (772) 465-5111
Telephone:    (786) 275-4935
Facsimile:    (786) 497-3260  LAW OFFICE OF DAVID MIKLAS, P.A.

IZQUIERDO & LEON LAW, PLLC  *Local Counsel of Record for Defendant Mattress Firm, Inc.*

*Counsel for Edwin V. Delivery Services, Inc. and Edwin Vindas*

Shauna Johnson Clark (Pro Hac Vice To Be Filed)
State Bar No. 00790977
shauna.clark@nortonrosefulbright.com
Jamila S. Mensah (Pro Hac Vice To Be Filed)
State Bar No.  24055963
jamila.mensah@nortonrosefulbright.com
Heather L. Sherrod (Pro Hac Vice To Be Filed)
State Bar No.  24083836
heather.sherrod@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Telephone:    (713) 651-5151
Facsimile:    (713) 651-5246

NORTON ROSE FULBRIGHT US LLP

*Counsel for Defendant Mattress Firm, Inc.*

## CERTIFICATE OF SERVICE

This pleading was served *via* the Court's electronic filing system and/or email in compliance with Rule 5 of the Federal Rules of Civil Procedure on this 23rd day of January, 2018 to the counsel on the Service List below:

## SERVICE LIST

| | |
|---|---|
| Andres F. Fernandez<br>Jeanette Escudero<br>BERENS, FERNANDEZ &<br>ASSOCIATES P.A.<br>2100 Ponce de Leon Blvd<br>Coral Gables, FL 33134 | Ivan Izquierdo<br>IZQUIERDO & LEON LAW, PLLC<br>8950 SW 74th Court, Suite 2201<br>Miami, Florida 33156 |
| *Counsel for Rafael Herrera* | *Counsel for Edwin V. Delivery Servs., Inc. and Edwin Vindas* |

/s/ David Miklas
David Miklas